IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| WILLIE A. WHETSTONE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:00cv0869-VPM |
| | ) | [WO] |
| JO ANNE B. BARNHART, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON MOTION**

Pending before the court is the plaintiff's ["Whetstone"] motion for attorney fees pursuant to 42 U.S.C. § 406(b) (2000). The defendant ["Commissioner"] has objected on the grounds that the plaintiff's motion is untimely. For the reasons discussed below, the motion is denied.

**I.   BACKGROUND AND PROCEDURAL HISTORY**

On 3 July 2000, Whetstone filed a complaint in this court seeking review of a final decision of the Commissioner (Doc. # 1). The court granted Whetstone's motion to remand the case to the Commissioner pursuant to sentence six of 42 U.S.C. § 405(g), and on 8 August 2002, Whetstone, after having received a fully favorable decision on remand, sought to have the court re-open the case and enter a final judgment in his favor (Doc. # 20). The court granted his motion and entered a final judgment on 23 September 2002 (Doc. # 23).

Following entry of the final judgment, Whetstone moved for an award of attorney fees

pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (2000), which this court granted.  Now, more than three and a half years later, Whetstone seeks another award of attorney fees under different legal authority.  Relying on a recent opinion from the Eleventh Circuit Court of Appeals, the Commissioner contends that Whetstone is no longer entitled to the award he seeks (Doc. # 31).  The court agrees.  *See* ***Bergen v. Comm'r of Soc. Sec.***, 454 F.3d 1273 (11th Cir. 2006).

## II.   DISCUSSION

Although the Commissioner reminds the court of its responsibility to make an independent determination regarding the reasonableness of the Whetstone's request, the Commissioner does not contend that the request is unreasonable beyond the issue of timeliness.  Therefore, the court first resolves the timeliness issues.

The Commissioner is correct that the Court of Appeals recently determined, in agreement with the Fifth Circuit Court of Appeals, that Rule 54(d)(2)(B) of the FEDERAL RULES OF CIVIL PROCEDURE "applies to a § 406(b) attorney's fee claim." ***Bergen***, 454 F.3d at 1277 (citing ***Pierce v. Barnhart***, 440 F.3d 657, 663-64 (5th Cir. 2006).

Rule 54(d)(2)(B) provides, "Unless otherwise provided by statute or order of the court, the motion *must be filed no later than 14 days after entry of judgment . . ..*" FED. R. CIV. P. 54(d)(2)(B).  Thus, "[t]o determine whether the [section 406(b)] petition[ is] timely requires deciding when the 14 day period for filing the petition[] provided in the rules begins to run . . .." ***Bergen***, 454 F.3d at 1277.  Because the Commissioner did not object to the

petition in ***Bergen*** on timeliness grounds, the Court of Appeals offered no opinion on the issue.

It is apparent from reading ***Bergen*** that the court's reluctance to address when the 14 days begins to run was based at least in part on the fact that the court entered final judgment long before the Commissioner awarded benefits.  *See generally*, *id.*  Thus, the court would have been forced to interpret Rule 54(d)(2)(B) in the face of very plain language establishing the entry of judgment as the event triggering the time limitation.

That is not the situation in the instant case, however.  Final judgment was not entered until *after* the Commissioner awarded benefits (Doc. # 23).  Thus, in accordance with the plain language of Rule 54(d)(2)(B), time began to run on 23 September 2002, when the court entered its judgment.  Consequently, Whetstone had until 7 October 2002 to file his motion.  Having failed to do so, his motion is untimely.

### III.    CONCLUSION

Therefore, it is hereby

ORDERED that Whetstone's motion for attorney fees under 42 U.S.C. § 406(b) is DENIED.

DONE this 13th day of September, 2006.

/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED STATES MAGISTRATE JUDGE